# Richard Thompson *vs.* Thomas Frist, John W. Fowler and others.

Where partnership funds are in a court of equity for distribution, an individual creditor of one of the partners, who has obtained judgment and levied execution upon the partnership effects, can have applied to his debt *only* the money or effects to which the partner against whom he proceeds is entitled upon a settlement of the partnership accounts at the time of the execution levied.

Such a creditor cannot acquire, by levying his execution upon the partnership effects, any specific lien thereon, for the payment of his debt, which he could enforce by sale, or otherwise, in opposition to the right of the other partner to have such effects with the other property of the firm, administered in equity, in the settlement of the partnership affairs.

Where partnership funds are in a court of equity, to be applied and distributed according to the rights of parties interested in them, they must be applied, in the first instance, to the payment of the partnership creditors.

Though partnership creditors have no actual *direct* lien upon the partnership effects by which they can have them applied to the payment of their claims, yet they have a *derivative* or *indirect* lien which is made operative for their benefit through the instrumentality of the partners.

If either partner proceeds to have the partnership estate administered in a court of equity, the right which he has to have it applied to the payment of the partnership creditors tenures to their benefit, and secures to them payment out of the joint effects.

Appeal from the Circuit Court for Baltimore city.

The appellant (Thompson) in the latter part of 1856, obtained several small judgments against Thomas Frist, upon the separate and individual debts of Frist, and on these judgments writs, of *fi. fa.* were issued and levied upon the partnership effects of the firm of Frist & Fowler composed of said Frist and John W. Fowler.

The bill in this cause was then filed by Fowler, against Frist, Thompson and the officers who levied the execution, praying for an injunction to restrain further proceedings on the execution, for the appointment of a receiver to take charge of the partnership property, for a dissolution of the partnership, and that its effects may be applied to the payment of its debts and liabilities.

All the defendants appeared voluntarily in the case, and it was agreed between all the parties that a receiver should be appointed, "and that the goods and effects of Frist and Fowler be sold, the proceeds to be brought into court and distributed among those thereunto entitled." A receiver was accordingly appointed, who sold the partnership effects, and after notice to the creditors of the firm to file their claims, the fund in the hands of the receiver was distributed by an account stated by a special auditor. By this account the whole fund was applied to the payment of the claims of partnership creditors. To this account Thompson excepted because it did not allow his claims against Frist under his judgments and levy.

From the proceedings and proof taken before the auditor in regard to the appellant's claim, it appears that Frist carried on the business of coach-making, at first in his own name, and for his own account, and bought largely from Thompson articles used in his business, for which he gave his notes and was indebted to Thompson at the time when Frist and Fowler formed their co-partnership, and that Frist took his stock in trade into the co-partnership as part of his capital. Afterwards Thompson warranted Frist for the amounts so due on his notes and recovered the judgments upon which *fi. fas.* were issued and levied as above stated.

The court (KREBS, J.) delivered the following opinion in the case:

"In view of the object of the bill filed in this case, and the agreement filed therein, 'that a receiver be appointed and the goods and effects of Frist & Fowler be sold, and the proceeds be brought into court and distributed amongst those entitled thereto', I must regard this fund as partnership effects in a court of equity, with the parties claiming to be entitled thereto, also, before the court and submitting their respective claims, to be decided according to those principles and rules that regulate courts of equity in such cases. Assuming that the interest of a partner in the partnership effects may be the subject of execution and sold for the payment of the individual creditor of the partner, without enquiring as to the

precise course which should be pursued under the execution by such creditor to obtain satisfaction of his debt, in case no proceedings in equity are resorted to by the other partner, I am clearly of opinion that under proper proceedings in equity, on his part, such relief would be afforded to him, that the creditor would be in no better condition in reference to the partnership effects than the partner whose interest is taken under the execution. 1 *Stockton's Ch. Rep.*, 62, *Renton vs. Chaplain, et al.* 31 *Miss.*, 111, *Sanders vs. Young.* If this view be correct, the individual creditor can claim only to have applied to the payment of his debt, the money and effects to which the partner against whom he proceeds will be entitled upon a settlement of the partnership accounts at the time of the execution levied. Such creditor, therefore, cannot acquire, by levying his execution upon the partnership effects, any specific lien thereon for the payment of his debt, which he could enforce by sale or otherwise, in opposition to the right of the other partner to have such effects, with the other property of the firm, administered in equity in the settlement of the partnership affairs. Now, it is perfectly well settled that, when partnership funds are in a court of equity, as these are, to be applied and distributed according to the rights of parties interested in them, they must be applied, in the first instance, to the payment of the partnership creditors. It is true, as has been contended by the solicitor of the separate creditor, in this case, that the partnership creditors have no actual direct lien upon the partnership effects by virtue of which they are entitled to insist that such effects shall be appropriated to the payment of their claims, but they have what is termed in the decisions a derivative or indirect lien, which is made operative for their benefit through the instrumentality of the partners. If either proceeds to have the partnership administered in a court of equity, the right which he has to have it applied to the payment of the partnership creditors enures to their benefit, and secures to them payment out of the joint effects. This is precisely what the partner Fowler is doing by these proceedings. He has filed a bill for the dissolution of the partnership, and for the distribution of the

funds in the settlement of liabilities, and, under the agreement above referred to, they are brought into court for that purpose, the dissolution of the partnership being acquiesced in. If, in the further proceedings in this matter, it should appear that Frist is entitled to any moneys or effects from the partnership concern, they would, in my opinion, be applicable to the payment of these executions against his interest in the said partnership. I shall therefore pass an order in conformity with these views."

The court then passed an order overruling the exceptions filed by Thompson to the account of the special auditor, and ratifying said account, from which order Thompson appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*T. Parkin Scott*, for the appellant, argued:

1st. That partnership creditors have no lien upon the partnership property, and no preference, *in their own right*, to payment out of the partnership effects over private creditors of the partners. 2 *Md. Rep.*, 16, *Glenn vs. Gill.* 13 *Md. Rep.*, 114, *Griffith vs. Buck.*

2nd. That the preference given to partnership creditors upon partnership property, over private creditors, is because of an *equity* derived through the partners, and being only an *equity*, must depend for its enforcement upon equitable principles.

3rd. That by reason of the fact that the stock carried by Frist into the partnership concern, was bought by him from Thompson and not paid for, the equity of Fowler, otherwise good, is not in this case available.

4th. That Thompson had a right at law to levy on Frist's interest in the goods of the concern, and that by doing so he secured a *legal* lien, and that equity cannot stop its enforcement by injunction. 2 *H. & McH.*, 463, *Wallace vs. Patterson.* 1 *H. & G.*, 322, *M'Elderry vs. Flannagan.* 15 *Johns.*, 180, *Messereau vs. Norton.* 2 *Johns. Ch. Rep.*, 548,

*Moody vs. Payne.* 8 *G. & J.,* 324, *Union Bank vs. Poultney.* 3 *Bac. Abr.,* 391, *Title, Execution C.,* 4.

5th. That when Thompson consented to let the sales be made by a receiver, "the proceeds to be brought into court for distribution among those entitled thereto," he did not waive his legal lien, and his equity being equal, under the circumstances of this case, to that of the partnership creditors, he is entitled to be paid in full.

*1. N. Steele* for the appellees.

The fund in the hands of the receiver being inadequate to the payment of the partnership creditors, the question is whether the appellant has any lien or right of preference in payment for his claims against Frist individually, which will defeat or postpone the ordinary right of the partner Fowler, and the partnership creditors, to have the partnership assets first applied to the payment of the partnership debts? The appellees insist he has no such right, because the fund in the hands of the receiver being partnership assets brought into a court of equity for distribution, was primarily liable for the payment of the partnership debts, and the lien of the appellant, if any, was acquired by him by his judgments and executions on the separate debts of one partner, was a lien only on what might remain and be coming to that partner after the settlement of the partnership affairs. *Story on Part., sec.* 361 and *notes,* and *secs.* 261 to 264. *Collyer on Part., secs.* 824 to 831. 3 *Kent,* 77, and *note, (7th Ed.)* 2 *Md. Rep.,* 1, *Glenn vs. Gill.* 1 *Stockton's Ch. Rep.,* 62, *Renton vs. Chaplain, et al.* 31 *Miss.,* 111, *Sanders vs. Young.* 16 *Ohio,* 142, *Place vs. Sweetzer, et al.* 16 *Johns.,* 106 and *notes,*

ECCLESTON, J., delivered the opinion of this court.

Our examination of this case has satisfied us that the order appealed from is fully sustained by the reasons assigned in the opinion of the Judge of the Circuit Court; and, therefore, for those reasons the order will be affirmed, with costs.

*Order affirmed.*

(Decided February 24th, 1860,)